**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| TARRILL PETERS, JR. | ) | |
| | ) | Case No. 21 C 4366 |
| Plaintiff, | ) | |
| | ) | Judge Charles R. Norgle |
| v. | ) | |
| | ) | Magistrate Susan E. Cox |
| CITY OF CHICAGO, COOK COUNTY, | ) | |
| SERGEANT MICHAEL PETRASKI, STAR | ) | |
| NUMBER 21001, DETECTIVE NAN MORALES, | ) | |
| STAR NUMBER 20741, DETECTIVE ARTHUR | ) | |
| TARASZKIEWICZ, STAR NUMBER 21183, | ) | |
| DETECTIVE JOSEPH MARSZALEC, STAR | ) | |
| NUMBER 21234, DETECTIVE JOHN | ) | |
| CAMPBELL, STAR NUMBER 21279, | ) | |
| DETECTIVE THOMAS FLAHERTY, STAR | ) | |
| NUMBER 1732, ASSISTANT STATE'S | ) | |
| ATTORNEY MARTIN MOORS | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Sgt. Michael Petraksi, Det. Juan Morales, Det. Arthur Taraszkiewicz, Det. Joseph Marszalec, Det. John Campbell, Sgt. and Thomas Flaherty ("Defendant Officers"), by and through one of their attorneys, Jessica L. Griff, Assistant Corporation Counsel, Supervisor, and Defendant City of Chicago ("City"), by and through its attorney, Celia Meza, Corporation Counsel (hereinafter referred to collectively as "Defendants"), pursuant to Fed.R.Civ.P. 12(b)(6), respectfully move this Honorable Court to dismiss Plaintiff's Complaint with prejudice. In support thereof, Defendants state as follows:

**FACTUAL BACKGROUND**

On August 17, 2021 Plaintiff, Terrill Peters, Jr. ("Plaintiff") filed his Complaint alleging that during the investigation into the murder of Terrill Peters, Sr., Defendants coerced witnesses and fabricated evidence. See Dkt. No. 1, *generally*. Plaintiff brings claims under 42 U.S.C § 1983

1

for alleged unlawful pretrial detention and conspiracy against the individual Chicago police officer and detectives, Sgt. Michael Petraski, Detective Nan Morales, Detective Arthur Taraszkiewicz, Detective Joseph Marszalec, Detective John Campbell, Detective Thomas Flaherty, and Cook County Assistant States' Attorney, Martin Moors. Plaintiff also asserts a *Monell* claim against Defendant City.

Plaintiff alleges that on February 16, 2016, Plaintiff, then 17 years old, was involved in a family tragedy, arising out of a family altercation, which ultimately resulted in the death of Plaintiff's father. Dkt. No. 1 at ¶1. Plaintiff claims that the City Defendant Officers, with the help of Assistant States Attorney Marty Moore, conspired and contorted the events of February 13, 2016 into a first-degree murder charge, purportedly in direct contradiction to available evidence when Defendants claimed that Plaintiff intentionally ran over his father with a car, despite supposedly having no motive to do so. *Id*, ¶50, ¶¶61-86. Plaintiff accuses the Defendants of pressuring and coercing witnesses to adopt purportedly fabricated statements, despite Defendants alleged knowledge that they did not have probable cause to arrest and charge Plaintiff, which eventually resulted in Plaintiff being detained without bond. *Id*. at ¶¶ 1, 3. Plaintiff further claims that the Defendants knew Plaintiff was innocent of the charges throughout their investigation, when they initiated the criminal proceedings against Plaintiff and during the entirety of the criminal proceedings. *Id*. at ¶2.

Plaintiff further alleges that the City's policies and practices caused the Defendant Officers purported misconduct. *Id*. at ¶¶172-180. In support of this claim, Plaintiff rummages up a myriad of purported "complaints" against the Defendant Officers, most of which are wholly unrelated to Plaintiff's Complaint and which involve conduct that occurred decades prior to the incident in question. *Id.* at ¶¶119-126. Defendants deny all material allegations of Plaintiff's Complaint.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom, *see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005), a court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In addition, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* FED. R. CIV. P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id*. at 555. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must analyze whether the *non-conclusory* factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible action for relief. *Ashcroft v. Iqbal*, 556 U.S. at 679-80. Under this standard, Plaintiff's allegations, even if taken as true, fail to state a claim against the Defendants.

3

**ARGUMENT**

**I.     PLAINTIFF CANNOT SUCCEED ON HIS PRETRIAL DETENTION CLAIM UNDER THE FOURTH AMENDMENT.**

Plaintiff's pretrial detention claim alleged in Count I is based on what he claims was fabricated and coerced testimony created by Defendants. Plaintiff attempts to bring this claim under the Fourth and Fourteenth Amendment. However, this claim can only be raised under the Fourth Amendment. There is no Fourteenth Amendment claim for pre-trial detention, even where that detention is alleged to be the result of fabricated evidence. Indeed, Plaintiff admits to this in his Complaint see Dkt No. 1 at ¶139. [1]

Plaintiff's Fourth Amendment claim fails because the allegations as pled unequivocally prove that Defendants had probable cause to arrest Plaintiff.

**A.  The Officers had Probable Cause, Therefore His Pre-trial Detention Was Lawful**.

Analyzing the pre-trial detention claim, the claim fails as Plaintiff has pled himself out of court on any claim that Defendants lacked probable cause.  Plaintiff's Complaint clearly alleges that at least 3 different witnesses gave *initial* statements to the Defendant Officers that provided probable cause to arrest and detain Plaintiff for aggravated battery and attempted murder. Dkt. No. 1 at ¶¶64, 66, 69,72. Taking each admission in turn, first as to paragraph 64, Plaintiff pleads that on the date of the incident, February 13, 2016, a witness, Nakia Hughes gave a statement to Defendant Officers that Plaintiff made a single U-turn and drove back westbound and struck several people with the car. *Id*. at ¶64.  Next, Plaintiff admits that on February 13, 2016, Michelle Hughes called 911 to report that decedent, Terrill Peters, Sr. had been hit twice by a vehicle. *Id*. at

---

[1] In *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), the Seventh Circuit held "that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment." *Id.* at 478 (emphasis in original). The Seventh Circuit emphasized that *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) "makes clear that the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention. *Id.* at 475 "[A]ll § 1983 claims for wrongful pretrial detention—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment." *Id.* at 479.

¶66. Plaintiff further admits that Michelle Hughes told the Defendant Officers that she observed Plaintiff in the vehicle pull away "striking multiple people as he drove off." *Id*. Michelle Hughes further reported to the officers that Plaintiff drove away eastbound, ***performed a U-turn at the end of the block***, then came back westbound "striking his father with the vehicle." *Id*. This statement on its own is sufficient probable cause to arrest and detain Plaintiff for aggravated battery and attempted murder. As this Court has held, and the Seventh Circuit has affirmed, "probable cause demands even less than probability . . . it requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (internal citations and quotations omitted).

However, that is not the full extent of the evidence that the Plaintiff *admits* the Defendants had from initial statements- which are undisputedly not fabricated or coerced. Plaintiff admits that in Roy Anderson's first interview with Defendants he said that he observed Plaintiff jump into a car driving eastbound on Kamerling, that he also observed Plaintiff make a U-turn at the end of the block and "***swerve into*** Terrill Peters, Sr., himself, and Angela Hughes, hitting all three." *Id*. at ¶69. Finally, Plaintiff admits that a fourth witness gave a statement providing Defendants with probable cause. Plaintiff's Complaint admits that on February 13, 2016 Taconda Douglas reported to Defendants that she observed Plaintiff jump into a car and "drive ***at*** the group of people in street, striking some people in the group." *Id*. at ¶72. Douglas further stated that Plaintiff ***returned*** and ran over decedent, Tarrill Peters, Sr. ***again*** before fleeing.

A detention is unreasonable under the Fourth Amendment *only* if unsupported by probable cause. *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 918 (2017) (holding that "the general rule is that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe the

individual has committed a crime.") (citations omitted). *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (Once an officer has established probable cause, "he need not continue investigating in order to test the suspect's claim of innocence.") When an officer has received information from the putative victim of a crime who it seems reasonable to believe is telling the truth, the officer has probable cause. *See Spiegel v. Cortese*, 196 F.3d 717, 725 n.1 (7th Cir. 2000). "Where the victim of the crime supplies the police with the information forming probable cause, there is a presumption that this information is inherently reliable." *Jones v. City of Chicago*, No. 08 C 3501, 2011 WL 1898243, at *4 (N.D. Ill. May 18, 2011) (Kennelly, J.) (quoting *Sang Ken Kim v. City of Chicago*, 368 Ill.App.3d 648, 655 (2006)). A citizen's complaint establishes probable cause for an arrest, regardless of the actual truth of the complaint. *Mustafa v. City of Chicago,* 442 F.3d 544, 548 (7th Cir. 2006).

Because Plaintiff's own admissions and facts *as he has pled them* establish that there was probable cause to arrest Plaintiff for aggravated battery and attempted murder, and therefore probable cause for his pretrial detention for the same, his claim alleging his detention was the result of fabricated evidence and "unsupported by probable cause" fails. Therefore, this Court should grant Defendants' motion to dismiss as to Count I of Plaintiff's Complaint.

Apart from the initial statements laid out in Plaintiff's Complaint, Plaintiff specifically incorporated the criminal trial transcripts for *People v. Tarrill Peters*, Jr. 16 CR 14283 by reference. See Dkt. No. 1 at ¶¶39, 53, 83 and 85. As a result, this Court can rely on the Court transcripts from Plaintiff' underlying criminal trial.

On August 20, 2019, Michelle Hughes testified at Plaintiff's criminal trial. *See People v. Tarrill Peters, Jr.* 16 CR 14283, August 20, 2019, at pg. 2: 13-16, attached hereto as Exhibit A. Ms. Hughes was questioned regarding her conversations with police officer and other Assistant

State's Attorneys (hereinafter "ASA"). *Id*. at pg. 140:14-18. Hughes testified that she told the ASA that she saw Plaintiff take off [in the car]. *Id*. at 14:22-24, 141:1. Hughes further testified that she told them that Plaintiff ran over the decedent's head. *Id*. at 141:2-6. Hughes further admitted that she saw Plaintiff drive to the end of the block and "bust a U turn" and come back. *Id*. at 141-15-24, 142:1. Hughes testified that Plaintiff was driving "fast" and that she observed her cousin was standing in the street yelling to Plaintiff to stop. *Id*. at 142: 7-15. Specifically, she said that her cousin was "waving his hand to stop". *Id* at 143:3-4. Hughes testified that despite this, Plaintiff did not stop and he proceeded to drive fast, swerving the vehicle hitting his parents. *Id*. at 143:6-19. Further, Ms. Hughes also testified at trial that when she met with the detectives in February 25, 2016 (the specific date that Plaintiff alleges the Defendant prompted her statement) she did not tell them that she was giving them information based off other people's stories. *Id*. at 171:16-23. Again, as articulated above, the testimony of Ms. Hughes, which she admitted she told Defendants and an ASA, provided sufficient probable cause to detain Plaintiff for aggravated battery and attempted murder.

Just to be sure, following Ms. Hughes testimony, on August 21, 2019 ASA Latoya Hughes testified at Plaintiff's criminal trial. *See People v. Tarrill Peters, Jr.* 16 CR 14283, August 21, 2019, at pg. 8, attached hereto as Exhibit B. ASA Hughes testified that she took the video recorded statement of Ms. Michele Hughes on July 24, 2016. *Id*. at pg. 12. ASA Hughes testified that when she spoke to Ms. Hughes she asked her if she was threatened or made any promises in exchange for her statement, Ms. Hughes said "no". *Id*. at 13:3-8. Ms. Hughes also never told ASA Hughes that anyone had told Ms. Hughes the things to say. *Id*. at 13: 23-24, 14:1-3. Ms. Hughes was asked again on video by ASA Hughes if she was promised anything in exchange for her statement, she said no. *Id*. at 19:6-10. Ms. Hughes further told the ASA that she was treated well by the police.

*Id*. at 19:12-17. Finally, and importantly, ASA Hughes testified that she spoke with Ms. Hughes alone, outside the presence of the Defendant officers. *Id*. at 23: 20-24. Despite this, ASA Hughes offered no testimony that Ms. Hughes was threatened, coerced, or even waivered in her version of the events. Therefore, considering this testimony, in conjunction with the admission sets forth above, it is clear that Defendants had probable cause for Plaintiff's pretrial detention. Indeed, the Seventh Circuit has held that police officers need not delay arresting a suspect until they have conclusively resolved each and every inconsistency or contradiction in a victim's account. *Spiegel*, 196 F.3d at 727. Therefore, Plaintiff's Count I should be dismissed with prejudice.

## II.     PLAINTIFF'S CONSPIRACY CLAIM MUST BE DISMISSED.

First, a prerequisite to recover under a § 1983 conspiracy theory is that the alleged conspiracy deprived the plaintiff of a constitutional right. As the Seventh Circuit has made clear, conspiracy is not an independent basis of liability in § 1983 actions. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). *Accord, e.g., Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Plaintiff specifies that the alleged conspiracy is based on the Defendants "agreement" to punish Plaintiff for a crime he did not commit. Id. at ¶ 164. As such, if Plaintiff's unlawful detention claims fail, so too must his conspiracy claim. *See Smith*, 550 F.3d at 617.

Next, Plaintiff's conspiracy claim must be dismissed because he has failed to sufficiently plead a conspiracy based on the allegations in his complaint. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

Plaintiff must allege Defendants "directed themselves toward an unconstitutional action by virtue of a mutual understanding [,]" with facts inferring a "'meeting of the minds.'" *See Crawford v. City of Chicago*, No. 12 C 5289, 2014 WL 1661720, at \*8–9 (N.D. Ill. Apr. 25, 2014) (J. Lee) (*citing Thurman v. Village of Hazel Crest*, 570 F.Supp.2d 1019, 1029 (*quoting Amundsen v. Chi. Park Dist.,* 218 F.3d 712, 718 (7th Cir.2000)). Plaintiff must "set forth the parties, the purpose, and the approximate date of the alleged conspiracy." *See Thomas v. City of Blue Island,* 178 F. Supp. 3d 646, 654-655 (N.D. Ill. 2016) (J. St. Eve) (*citing Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir.2009); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir.2006). Here, Plaintiff's argument of generalized wrongdoing does not provide a basis to pursue a conspiracy claim and should be dismissed.

Specifically, Plaintiff fails to plead any facts which show Defendants reached any agreement to deprive him of his constitutional rights, or that his rights were violated. Plaintiff's conspiracy claims rest entirely on his conclusory, unsupported, allegation that the Defendants "reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit and thereby deprive Plaintiff Tarrill Peters Jr. of his Constitutional rights". Dkt. No. 1 at ¶ 164. This conclusory, unsupported claim is insufficient to meet the pleading requirement for a conspiracy. Further, Plaintiff must show that Defendants themselves each engaged in an agreement to violate his rights. *See Andrews v. Burge,* 660 F.Supp.2d 868, 879–80 (dismissing conspiracy claim where plaintiff made "general allegations that all defendants conspired with all other defendants and everything alleged against one is alleged against all"). Here Plaintiff only asserts that after obtaining witness statements, they fabricated *better* statements for the witnesses to tell. Dkt. No. 1, *generally*.

As Plaintiff has failed to sufficiently plead all elements of a conspiracy claim, Count II should be dismissed.

## III.     PLAINTIFF FAILS TO PLEAD A PLAUSIBLE MONELL CLAIM.

Count III of Plaintiff's Complaint alleges a *Monell* claim against the City, specifically, for "*unconstitutional patterns and practices of the Chicago Police Department*" that presumably are widespread enough to constitute a custom or usage with the force of law.  *See* Dkt. No. 1 at ¶¶ 107-116.  Namely, Plaintiff argues that the City maintains a "code of silence" among officers that encourages, enables, and causes misconduct, including the alleged conspiratorial misconduct described in the Complaint. *Id.* at ¶¶ 127-135.  Plaintiff further claims that the City's "custom and practices" of failing to discipline and train officers as well as the City's alleged tolerance of a code of silence, caused Plaintiff's constitutional injuries and were taken with deliberate indifference to their consequences to members of the public. *Id.* at ¶ 136.  Plaintiff further alleges that efforts to reform Chicago police training, discipline and code of silence policies and practices to make them lawful in recent years have been inadequate and ineffective. *Id.* at ¶ 137.

Count III, in sum, sets forth that there is a basis for imposing *Monell* liability against the City because the Officers' actions resulted from unlawful policies, practices, customs and usages of the City.  *Id.* at ¶ 173. While Plaintiff makes conclusory assertions of what are essentially alleged to be City *de facto* policies, Plaintiff asserts no specific examples of any additional implementation of these alleged policies, or the extent to which they contributed to Plaintiff's own alleged constitutional deprivation *in this case*. In fact, Plaintiff appears to rely solely on a 2017 U.S. Department of Justice Report on the Chicago Police Department ("DOJ Report") to support Plaintiff's contention that the City's alleged, customs, practices, policies, and usages caused the Defendant Officers to violate Plaintiff's constitutional rights. Concededly, Plaintiff asserts that the

Defendant Officers have had prior "complaints" made against them but fails to show the details of these complaints or when these so-called complaints were made, which upon information and belief, are scattered across decades. *Id.* at ¶¶ 119-126. These "complaints" include, for example, "personnel violations", complaints about "lockup procedures" or "conduct unbecoming", none of which coalesce to any discernable unconstitutional "custom".

Pursuant to *Fed. R. Civ. P.* 12(b)(6), the City moves to dismiss Plaintiff's *Monell* claim for failure to allege sufficient facts to establish the existence of a widespread unconstitutional policy. The City further moves to dismiss this count on the basis that Plaintiff fails to allege any factual basis that these alleged policies were the "moving force" behind Plaintiff's alleged constitutional injury. In fact, Plaintiff has alleged no facts whatsoever, in support of any alleged unconstitutional policy, other than the bald conclusory allegations extracted from the DOJ Report, and without showing deliberate indifference by the City or any causal connection to Plaintiff's claims. Accordingly, as a matter of law, Plaintiff's *Monell* claim in Count III should be dismissed with prejudice.

### A. Plaintiff's Complaint Contains Insufficient Allegations to Conclude an Unconstitutional City Custom or Practice Exists.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). A claim only has "facial plausibility" when the Plaintiff pleads factual content that allows the Court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Id.* Here, Plaintiff seeks to hold the City liable under *Monell v. City of New York*, 436 U.S. 658 (1978), but absent an express unconstitutional policy or an allegation that a person with final policymaking authority caused Plaintiff's alleged constitutional injury, *Monell* liability arises only where, unlike here, an official policy, custom or practice not only caused the alleged constitutional

violation but was the "moving force" behind the constitutional injury identified in the complaint. *Valentino v, City of South Chicago Heights*, 575 F.3d 663, 674-75 (7th Cir. 2009); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Surplus Store & Exchange, Inc, v. City of Delphi*, 928 F.2d 788 (7th Cir. 1991) (the "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Offering nothing more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Id.*, (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1955)). Neither will merely tendering "'naked assertion[s]' devoid of 'further factual enhancement'." *Id*. Although the modern Rule 8 marks a departure from the historical hyper-technical, code-pleading standard, "it does not unlock the doors of discovery - for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

To sufficiently plead the existence of a custom or practice, a plaintiff needs to show that there have been enough similar incidents to establish a pattern of conduct. *Taylor v. City of Chicago,* 2021 WL 4523203 at *3 (N.D. Ill, October 23, 2021) (Shah, J.) (*citing Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).  This requirement ensures that a municipality is not held liable for an isolated incident outside of its control—something that would start to look very similar to the *respondeat superior* liability that *Monell* explicitly rejected. *Id. (citing Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005); *Monell*, 436 U.S. at 692–93).

As stated in the Honorable Judge Shah's opinion, *supra*, a plaintiff bringing a custom-or-practice *Monell* claim cannot survive a motion to dismiss a complaint based only on his own experience. *Id. (citing Gill*, 850 F.3d at 344), yet nonetheless, Plaintiff attempts that here.

Plaintiff refers to no other specific incidents in the past, aside from the bare conclusory assertions contained within the DOJ Report or wholly unrelated and unsubstantiated "complaints"

made against the Defendant Officers during the lifespan of their careers, to support Plaintiff's assertions of *Monell* liability.

Moreover, Plaintiff fails to show that any municipal action was taken with the requisite degree of culpability and that such action directly caused the alleged deprivation of federal rights. *Id. (citing Bd. of Cnty. Comm'ns v. Brown*, 520 U.S. 397, 400 (1997).

**B. Plaintiff's Complaint Fails to Show that the City or Any City Official was Deliberately Indifferent to any Alleged Unconstitutional Policy or that Any Alleged Deliberate Indifference was Causally Related to Plaintiff's Alleged Injuries.**

A plaintiff bringing a *Monell* claim must meet "rigorous standards of culpability." *Id. (citing J.K.J. v. Polk Cnty.*, 960 F.3d 367, 378 (7th Cir. 2020). In contrast to *Monell* claims based on affirmative municipal action, when "inferences of culpability … are easy," culpability can be difficult to establish in *Monell* claims based on inaction. *Id. (citing J.K.J* at 377–78). That's because a "failure to do something [can] be inadvertent." *Id. (citing J.K.J at* at 378).

To eliminate those cases in which a failure to act is inadvertent, a plaintiff must show that a policymaker was deliberately indifferent to the consequences of not acting. *Id. (citing Gable v. City of Chicago.*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff can do that in one of two ways. He can establish that officials knew about a series of prior bad acts but didn't act on that knowledge. *Id. (citing Thomas v. Cook County Sheriff's Department,* 604 F.3d at 303). Or, absent a series of prior bad acts, Plaintiff can show that the constitutional violation was a "highly predictable consequence" of either an official policy or an act by someone with policymaking authority. *Id. (citing Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997); *Fields v. City of Chi.*, 981 F.3d 534, 562 (7th Cir. 2020); *White v. City of Chi.*, 829 F.3d 837, 843–44 (7th Cir. 2016)).

Here, plaintiff relies solely on the DOJ Report purportedly showing an alleged code of silence and alleged deficiencies in training and supervision but fails to show how such alleged failures became a cognizant or deliberately indifferent decision by the City to allow ongoing constitutional violations.

Plaintiff also fails to show how any alleged deliberate indifference became a "moving force" behind Plaintiff's alleged injury. Plaintiff attempts to point to prior largely unrelated and unsubstantiated "complaints" made against the Defendant Officers but never explains how an alleged code of silence, failure to train or failure discipline became the "moving force" behind the officers' actions in plaintiff's case or how they became a "direct and proximate cause of Plaintiff's injuries. *See* Dkt. No. 1 at ¶ 108. Plaintiff further fails to explain any express City policies concerning training or discipline and how these policies are allegedly insufficient. Accordingly, Plaintiff's Complaint at Count III is properly dismissed.

## B. The City of Chicago is not liable because the Defendant Officers did not violate the Constitutional Rights of Plaintiff.

Plaintiff's claims against the City all fail because they are dependent on the Defendant Officers being found liable. Plaintiff's policy claim against the City of Chicago, established a means for a municipality to be held liable for constitutional violations while ruling out *respondeat superior* liability for federal civil rights claims. A plaintiff must first establish that he or she suffered a constitutional injury. *See Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994). If a plaintiff does not prove that an individual defendant caused plaintiff to suffer a constitutional injury, then that plaintiff cannot succeed against the City on his Monell claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("if [plaintiffs] are unsuccessful in their claims against the individual defendants, they will no longer have a cause of action against the city."). Therefore, since the officers cannot be held liable in this set of fact, nor can the City be held liable on a *Monell*

14

theory of liability.

For the reasons set forth above, the City respectfully requests that this Court enter an order dismissing Plaintiff's *Monell* claim raised in Count III of Plaintiff's Complaint and that said dismissal be made with prejudice.

## CONCLUSION

Wherefore, Defendants Sgt. Michael Petraksi, Det. Juan Morales, Det. Arthur Taraszkiewicz, Det. Joseph Marszalec, Det. John Campbell, Sgt. Thomas Flaherty, and Defendant City of Chicago, request this Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Rule 12(b)(6) and grant any further relief as this Court deems appropriate.


Dated: November 1, 2021                    Respectfully submitted,


                                            */s/ Jessica L. Griff*
                                           Jessica L. Griff
                                           Assistant Corporation Counsel Supervisor

Gregory Beck Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-2826
Attorneys for Defendant officers

                                           CELIA MEZA,
                                           CORPORATION COUNSEL FOR THE
                                           CITY OF CHICAGO

                                           By: */s/ Eydie R. Vanderbosch*
                                           Special Assistant Corporation Counsel
                                           One of its Attorneys

Eydie R. Vanderbosch, Esq., 6247536
Eydie R. Vanderbosch, Esq. – Legal and Consulting Services
10 South Riverside Plaza
Suite 875
Chicago, IL 60606
312-474-6043
eydie@ervjd.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TARRILL PETERS, JR. | ) | |
| | ) | Case No. 21 C 4366 |
| Plaintiff, | ) | |
| | ) | Judge Charles R. Norgle |
| v. | ) | |
| | ) | Magistrate Susan E. Cox |
| CITY OF CHICAGO, COOK COUNTY, | ) | |
| SERGEANT MICHAEL PETRASKI, STAR | ) | |
| NUMBER 21001, DETECTIVE NAN MORALES, | ) | |
| STAR NUMBER 20741, DETECTIVE ARTHUR | ) | |
| TARASZKIEWICZ, STAR NUMBER 21183, | ) | |
| DETECTIVE JOSEPH MARSZALEC, STAR | ) | |
| NUMBER 21234, DETECTIVE JOHN | ) | |
| CAMPBELL, STAR NUMBER 21279, | ) | |
| DETECTIVE THOMAS FLAHERTY, STAR | ) | |
| NUMBER 1732, ASSISTANT STATE'S | ) | |
| ATTORNEY MARTIN MOORS | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Craig C. Martin, Michael G. Babbitt
Aaron J. Hersh, Bianca L. Valdez
300 North LaSalle
Chicago, Illinois 60654-3406
(312) 728-9000

**PLEASE TAKE NOTICE** that on this 1st day of November, 2021, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 1st day of November, 2021.

 */s/ Jessica L. Griff*
 Jessica L. Griff
 Assistant Corporation Counsel Supervisor

16

Gregory Beck Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-2826
Attorneys for Defendant officers