IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARRILL PETERS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 21-cv-4366 |
| CITY OF CHICAGO, COOK COUNTY, | ) | |
| SERGEANT MICHAEL PETRASKI, STAR | ) | Judge: Hon. Charles R. Norgle, Sr. |
| NUMBER 21001, DETECTIVE NAN | ) | Magistrate: Hon. Susan E. Cox |
| MORALES, STAR NUMBER 20741, | ) | |
| DETECTIVE ARTHUR TARASZKIEWICZ, | ) | |
| STAR NUMBER 21183, DETECTIVE | ) | |
| JOSEPH MARSZALEC, STAR NUMBER | ) | |
| 21234, DETECTIVE JOHN CAMPELL, | ) | |
| STAR NUMBER 21279, DETECTIVE | ) | |
| THOMAS FLAHERTY, STAR NUMBER | ) | |
| 1732, ASSISTANT STATE'S ATTORNEY | ) | |
| MARTIN MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, COOK COUNTY and ASSISTANT STATE'S
ATTORNEY MARTIN MOORE'S, MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

Defendants, COOK COUNTY and ASSISTANT STATE'S ATTORNEY MARTIN MOORE ("County Defendants"), by and through their undersigned counsel, hereby move this Honorable Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for their Memorandum of Law in Support, state as follows:

**FACTUAL BACKGROUND**

This lawsuit arises out of Tarrill Peters Jr.'s ("Tarrill Jr.") arrest for the horrific and violent murder of his father Tarrill Peters, Sr. ("Tarrill Sr.") at a family gathering on February

13, 2016 at Plaintiff's uncle's residence (Dkt. No. 1, *generally*). According to the Complaint, when Tarrill Sr. came to pick up Tarrill Jr. and other family members from the gathering, an altercation broke out, and several of those present, including Tarrill Sr.'s nephews, punched Tarill Sr. to the ground, next to his running vehicle, which was parked in the street. *Id.* at ¶¶27-31. Tarrill Jr. got in the vehicle and drove away from the scene. *Id.* at ¶33. He then attempted to make a u-turn to retrieve his father. *Id.* at ¶34. According to witness statements, Tarrill Jr., was driving erratically, hit several parked cars, struck several people on the street, including his father Tarrill, Sr. *Id.* at ¶66, ¶69, ¶72. Tarrill Sr. died later that evening from his injuries. *Id.* at ¶38. The medical examiner indicated homicide was the manner of death. *Id.* at ¶39.

The investigation into Tarrill Sr.'s homicide took six months and included at least fourteen witness interviews. (Dkt.No. 1, *generally*). In August 2016, Plaintiff Tarrill Jr. was arrested and charged for the murder of his father, Tarrill Sr. *Id.* at ¶2. On August 22, 2019, a jury found Plaintiff not-guilty for first degree murder and he was released from custody. *Id.* at ¶6.

Plaintiff alleges that there was no probable cause for his arrest, and Defendants conspired to contrive a first-degree murder charge against him. According to Plaintiff, the various witnesses who reported to police that Plaintiff intentionally ran over his father with his car were coerced into making these fabricated statements. *Id.* at ¶50, ¶61-68. As a result of these fabricated and coerced statements, Plaintiff alleges, he was detained without bond. *Id.* at ¶¶1,3. He now brings this four-count complaint against several defendants alleging unlawful pretrial detention and conspiracy to deprive constitutional rights, pursuant to §1983. Plaintiff alleges that several police officers and detectives and ASA Moore coerced witnesses and fabricated evidence. *Id.,* at *generally.* Plaintiff also brings a *Monell* claim against the City and indemnification claims against the City and County.

Of the 186 paragraphs in Plaintiff's Complaint, only one paragraph mentions any alleged wrongful acts by ASA Moore. *Id.* at ¶79. Plaintiff's claim against ASA Moore rests entirely on ASA Moore's videotaped interview of Plaintiff's cousin and eyewitness, Arsenio Hughes, in which ASA Moore purportedly coerces Arsenio to describe the incident as "intentional" rather than "accidental." *Id.* at ¶26, ¶78, ¶79. Plaintiff's allegation is a gross misinterpretation of the interview. A review of the entire videotaped interview demonstrates that there is simply no good faith basis to assert such an allegation against ASA Moore and no reason why he should be a defendant in this case. Plaintiff's claims against ASA Moore have no merit and should be dismissed.

Aside from the Arsenio Hughes interview, Plaintiff fails to identify any discrete actions taken by ASA Moore during a six-month investigation involving a dozen interviews. Plaintiff, by his allegations, or lack thereof, concedes that ASA Moore never arrested Plaintiff and never charged him. Plaintiff's use of "Defendants" and "they" is ambiguous, confusing, and intentional in an effort to group all Defendants together. His conclusory allegations fail to give rise to a plausible claim against ASA Moore, as required by *Iqbal* and *Twombly*. For the reasons below, this Honorable Court should dismiss Counts I, II and IV directed at the County Defendants, because the allegations in the Complaint fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter," accepted as true, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)(plaintiff must allege "grounds" for "entitlement to relief" which requires more than labels, conclusions, and a formulaic recitation of elements). Put another way, "threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at p. 678. A court should not accept as true "legal conclusions" or "legal conclusions couched as a factual allegation." *Id.* A claim has "facial plausibility" when "factual content" allows the court to draw the "reasonable inference that the defendants is liable." *Id.* at p. 679. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

The Supreme Court in *Iqbal* set forth a two-prong analysis when reviewing 12(b)(6) dismissals. *Iqbal,* at pp. 663-664. First, pleadings consisting of conclusory allegations are not accepted as true when reviewing the Complaint's sufficiency. *Id*. This includes conclusory statements "couched" as factual allegations, and recitations of the elements. *Id*. at p. 678. Second, after excising the conclusory allegations from the Complaint, any well-pled factual allegations are accepted as true and the Court must determine whether the remaining well-pled facts "plausibly give rise to an entitlement of relief." *Id*. at p. 679. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions…." *Twombly*, at p. 555.

## ARGUMENT

I. **Count I should be dismissed because Plaintiff fails to state a claim for pretrial detention under the Fourth Amendment.**

   A. *Plaintiff's allegations are conclusory and fail to state a claim against ASA Moore.*

This Court should dismiss Plaintiff's Complaint against ASA Moore because Plaintiff fails to allege well-pled facts that give rise to any plausible claim for relief against him. When seeking to impose individual liability for an alleged constitutional violation, a plaintiff must properly plead the defendant's "personal involvement" in the alleged constitutional deprivation." *Colbert v. Chicago,* 851 F.3d 649, 657 (7th Cir. 2017). A civil rights defendant is personally

responsible if the "conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Wilson v. Warren County,* 830 F. 3d 464, 469 (7th Cir. 2016). Vicarious liability is inapplicable to Section 1983 suits, so a plaintiff "must plead" that "each" governmental official violated the Constitution, through the "official's own individual actions." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

A claim of unlawful detention under the Fourth Amendment requires proof that an officer (1) "knowingly or intentionally or with reckless disregard for the truth" (2) "made false statements to the judicial officer" and (3) the "false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Lewis v. City of Chicago,* 914 F. 3d 472, 477 (7th Cir. 2019)(citations omitted); *see also Brunson v. Murray,* 843 F. 3d 698, 709 (7th Cir. 2016). A detention is unreasonable under the Fourth Amendment *only* if unsupported by probable cause. *Manuel v. City of Joliet, Ill.,* 137 S. Ct. 911, 918 (2017)(holding that "the general rule is that Fourth Amendment seizures are reasonable only if based on probable cause to believe the individual has committed a crime.")(citations omitted).

Plaintiff's unlawful detention claim against ASA Moore fails because Plaintiff's description of the events in his complaint makes clear that probable cause existed without the purportedly coerced or fabricated statement of Arsenio Hughes. Pursuant to *Iqbal* and *Twombly,* a plaintiff must plead sufficient facts in his or her complaint to establish the absence of probable cause. *Roldan v. Town of Cicero,* No. 17-cv-3707, 2018 U.S. Dist. LEXIS 49122, at *12-13 (N.D. Ill. Mar. 26, 2018). For the below reasons, Plaintiff's sole allegation that ASA Moore fabricated Arsenio Hughes statement is insufficient to survive dismissal, as it does not sufficiently establish the absence of probable cause.

Here, Plaintiff alleges that on April 12, 2016, ASA Moore interviewed Arsenio Hughes regarding the February 13, 2016 incident while he was in custody on drug charges and told Arsenio to label Tarrill Jr.'s actions as intentional (Dkt. No. 1, ¶¶76-79). Even assuming, *arguendo,* ASA Moore did tell Arsenio to characterize Tarrill Jr.'s actions as "intentional" this statement was not necessary to establish probable cause against Plaintiff, as previous witness statements, not secured by ASA Moore, had already provided ample probable cause to arrest Plaintiff.

Initial witness statements secured on the night of the incident were sufficient to provide probable cause against Plaintiff. For example, the complaint states that on the date of the incident, a witness, Nakia Hughes, gave a statement to officers that Plaintiff made a U-turn and drove back westbound and struck several people with the car. *Id.* at ¶64. The complaint also states that another witness, Michelle Hughes, called 911 and reported that <u>Tarrill Sr. had been hit by a car twice</u>. (Emphasis added). That same night, after police arrived, she told reporting detectives that she saw Plaintiff drive eastbound, perform a U-turn and drove back westbound, striking his father with the vehicle" *Id.* at ¶66. The Complaint goes on to allege that on the night of the incident, Taconda Douglas gave a statement that she saw Plaintiff drive at the group of people on the street, striking some people in the group. <u>She observed Plaintiff return and run over Tarrill Sr. again before fleeing</u> in an unknown direction. *Id.* at ¶72. In Roy Anderson's first interview with officers, he said that he observed Plaintiff jump into a car driving eastbound, and then make a U-turn at the end of the block and swerve into Tarrill Sr., himself, and Angela Hughes, hitting all three." *Id.* at ¶69.

The Complaint's description of these eyewitness statements, and the manner in which Tarrill Jr. struck Tarrill Sr. multiple times, leads to an inference that his actions were intentional,

providing sufficient probable cause to arrest and detain Plaintiff for aggravated battery and attempted murder. "Where the victim of the crime supplies the police with the information forming probable cause, there is a presumption that this information is inherently reliable." *Jones v. City of Chicago,* No. 08 C 3501, 2011 WL 1898243 at *4 (N.D. Ill. May 18, 2011)(Kennelly, J.)(quoting *Sang Ken Kim v. City of Chicago,* 368 Ill. App. 3d 648, 655 (2006)). A citizen's complaint establishes probable cause for an arrest, regardless of the actual truth of the complaint. *Mustafa v. City of Chicago,* 442 F.3d 544, 548 (7th Cir. 2006). The initial eyewitness statements from the night of the incident alone are sufficient probable cause to arrest and detain Plaintiff for aggravated battery and attempted murder. *Woods v. City of Chicago,* 234 F. 3d 979, 996 (7th Cir. 2000)(holding "probable cause demands even less than probability…it requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false.").

### B. *The videotaped interview of Arsenio Hughes blatantly contradicts Plaintiff's allegations that ASA Moore coerced or fabricated Arsenio Hughes statement.*

The videotaped interview of Arsenio Hughes is referenced in Plaintiff's Complaint and central to Plaintiff's claim against ASA Moore; therefore, this Court may consider it as part of the pleadings. The videotaped interrogation is referenced in Plaintiff's Complaint as follows:

- "During his interrogation and videotaped statement, Arsenio Hughes referred to the incident as an "accident" on multiple occasions, but was corrected by a Defendant Assistant State's Attorney, Martin, "Marty" Moore, who prompted Hughes to label Plaintiff Tarrill Peters Jr.'s actions as "intentional" and was as well previously instructed to falsely offer these and other statements in a similar fashion by Defendant Officers." (Dkt. No. 1, ¶79).

- "It was only while Arsenio Hughes was in police custody for that April 12, 2016 charge that Arsenio Hughes made his one and only statement with respect to the death of Tarrill Peters, Sr.: that Tarrill Peters Jr. intentionally ran over his father three times. This statement was created by coercion against Arsenio Hughes in support of a narrative Defendants knew to be false and included a real-time

'correction' of Hughes's characterization of the events from an accident to an intentional act." (Dkt. No. 1, ¶151)

The video of the interview blatantly contradicts Plaintiff's allegations against ASA Moore (Exhibit A, Arsenio Hughes -Videotaped Interview). There is no evidence of misconduct on the part of ASA Moore, and no reasonable trier of fact watching the video would believe Plaintiff's allegations that ASA Moore coerced Arsenio Hughes during the interrogation or fabricated his testimony. In the video, Arsenio was estimating the time Tarrill Sr. arrived at the party to determine the time of the incident and stated "The accident happened around 11." (See Arsenio Hall – Videotaped Interview attached as Ex. A, 10:50-11:30.) ASA Moore states "And you say accident, but you don't think it was an accident do you?" Arsenio responds stating, Nah, if you were there, you would know it wasn't an accident either and stated that, in his opinion, it was not an accident. (Ex. A, 10:54-11:30)

Later in the interview, Arsenio described the incident and why he believed Plaintiff's actions were intentional and his belief that Plaintiff intentionally struck his father while driving the vehicle. When asked by ASA Moore if Arsenio knew why Plaintiff would do something like this, Arsenio responded "No, but the way he was driving and the way the situation played out, it seemed like it was intentional. That's just to me. It seemed like it was intentional to me." (Ex. A, 36:47-38:00)

Where, as here, a videotape of an alleged incident contradicts the plaintiff's version of the incident, the court may properly find that no reasonable trier of fact could believe the plaintiff's version of the incident. *Johnson v. Northeast School Corporation,* 2019 WL 5193380 (S.D. Ind., September 4, 2019) at*3, citing *Scott v. Harris,* 550 U.S. 372, 380-81 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should adopt that version of the facts for purposes of

ruling on a motion for summary judgment" and the court should have relied on the videotape). Although *Johnson* and *Scott* were decisions at the summary judgment stage, this Court can apply the same principle at the motion to dismiss stage because Plaintiff's sole allegations against ASA Moore are based upon that interview, which Plaintiff specifically references and incorporates as part of his complaint. Considering Arsenio Hughes' videotaped interview now will allow this meritless case to be disposed of before ASA Moore is required to incur additional costs and time. It will also allow ASA Moore to clear his name against these baseless and reckless allegations against him.

It is well-settled in this circuit that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus. Inc.,* 300 F. 3d 730, 735 (7th Cir. 2002). "Such documents may be considered by a district court in ruling on the motion to dismiss." *Id.* This court has been liberal in its approach to the rule. *Hecker v. Deere & Co.,* 556 F. 3d 575, 582 (7th Cir. 2009); *see also Mueller v. Apple Leisure Corp.,* 880 F. 3d 890, 895 (7th Cir. 2018)("This rule is a liberal one."). Indeed, the exception to Federal Rule of Civil Procedure 12(b) is an important one. It follows from Rule 10(c), which instructs parties that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Tierney v. Vahle,* 304 F. 3d 734, 738 (7th Cir. 2002). Where it not for the exception, a plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his or her complaint a document that proved that the claim had no merit. *Id.* The exception therefore allows a defendant to submit the document to the court, and the court to consider it, without the need for conversion under Rule 56. *Id.* Moreover, the Seventh Circuit has consistently upheld a court's application of the exception, without limiting it to a specific type of case or document. *See, e.g. Adams v. City of Indianapolis,* 742 F.

3d 720, 729 (7th Cir. 2014)(upheld district court's consideration of EEOC charges): *Hobbs v. John,* 722 F. 3d 1089, 1091, n.2 (7th Cir. 2013)(upheld district court's consideration of song lyrics); *Burke v. 401 N. Wabash Venture, LLC,* 714 F. 3d 501, 505 (7th Cir. 2013)(upheld district court's consideration of a property report); *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 975 (7th Cir. 2013)(upheld district court's consideration of a contractual release); *Kolbe & Kolbe Health h& Welfare Benefit Plan v. Med. Coll. Of Wis. Inc.,* 657 F.3d 496, 501 (7th Cir. 2011)(upheld district court's consideration of a welfare benefit plan covered by ERISA); *Evers v. Johnson,* No. 99-3761, 2000 U.S. App. LEXIS 38678 at *5 (7th Cir. May 24, 2000)(upheld district court's consideration of a criminal complaint the transcript of the plaintiff's initial appearance, and an arrest warrant).

Plaintiff's claim that his detention was the result of fabricated evidence and unsupported by probable cause is belied by the evidence and testimony set forth in his Complaint. Therefore, Count I alleging unlawful detention against ASA Moore must be dismissed.

**II.     Count II should be dismissed because Plaintiff's unlawful detention claim fails and he further fails to allege sufficient facts to support a conspiracy claim.**

Plaintiff fails to plead a conspiracy claim based on the allegations in his complaint. "To establish conspiracy in a 1983 claim, the plaintiff must show: (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer,* 776 F. 3d 500, 510 (7th Cir. 2015). Plaintiff must allege Defendants "directed themselves toward an unconstitutional action by virtue of a mutual understanding [,]" with facts inferring a "meeting of the minds." *See Crawford v. City of Chicago,* No. 12 C 5289, 2014 WL 1661720 at *8-9 (N.D. Ill. Apr. 25, 2014)(J. Lee)(*citing Thurman v. Village of Hazel Crest,* 570 F. Supp. 2d 1019, 1029(*quoting Amundson v. Chi Park Dist.*, 218 F. 3d 712, 718 (7th Cir. 2000). Plaintiff must "set forth the parties, the

purpose and the approximate date of the alleged conspiracy." *See Thomas v. City of Blue Island,* 178 F. Supp. 3d 646, 654-655 (N.D. Ill. 2016)(J. St. Eve)(*citing Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009); .

Here, Plaintiff purports to state a conspiracy claim by summarily alleging, in conclusory and unsupported fashion, that "Defendants reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit and thereby deprive Plaintiff Tarrill Peters Jr. of his Constitutional rights". (Dkt. No. 1, ¶164). Plaintiff's term "agreed" is not a well-pled factual allegation. *See Twombly,* 550 US. At 557 (a court is not required to accept terms such as "conspiracy and "agreement" as a sufficient basis for a complaint unless such conclusory terms are pled in conjunction with more specific allegations, for example, "identifying a written agreement or even a basis for inferring a tacit agreement"). Plaintiff fails to plead any facts showing that ASA Moore reached any agreement with any of the officers to deprive Plaintiff of his constitutional rights or that his rights were violated.

**III.    Count IV against Cook County seeking indemnification should be dismissed because the underlying claims against ASA Moore fail.**

Because ASA Moore has no liability to Plaintiff, it necessarily follows that Plaintiff's claim for indemnification against Cook County should also be dismissed because Cook County is only required to indemnify its employees for any tort judgment for which they become liable while acting within the scope of their employment. 745 ILCS 10/9-102. Therefore, Count IV against Cook County should be dismissed.

**CONCLUSION**

WHEREFORE, Defendants, COOK COUNTY and ASSISTANT STATE'S ATTORNEY MARTIN MOORE, respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Complaint and for all other relief this Honorable Court deems just.

Respectfully submitted,

s/ William B. Oberts
Attorney for defendants, Cook County and
Assistant State's Attorney Martin Moore

William B. Oberts, Esq.- # 6244723
Amy M. Kunzer, Esq. - #6293176
Tribler Orpett & Meyer, P.C.
225 W. Washington, Suite 2550
Chicago, IL 60606
(312) 201-6400
wboberts@tribler.com
amkunzer@tribler.com
docket@tribler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants, Cook County and Assistant State's Attorney Martin Moore's Memorandum of Law in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(6) and Exhibit A (Arsenio Hughes -Videotaped Interview) filed through the Court's website, Digital Media Exhibit Submission, was served upon:

| *Attorneys for Plaintiff* | *Attorneys for City of Chicago* |
|---|---|
| Aaron J. Hersh | Eydie R. Vanderbosch |
| Bianca L. Valdez | Eydie R. Vanderbosch, Esq. Legal and Consulting Services |
| Michael G. Babbitt | |
| Craig C. Martin | 10 S. Riverside Plaza Suite 875 |
| Willkie Farr & Gallagher LLP | Chicago, IL 60606 |
| 300 North LaSalle | (312) 523-5299 |
| Chicago, IL 60654 | eydie@ervjd.com |
| 312-728-9000 | |
| ahersh@willkie.com | *Attorneys for Petraski, Morales, Taraszkiewicz,* |
| bvaldez@willkie.com | *Marszalec, Campbell, Flaherty* |
| mbabbitt@willkie.com | Jessica L. Griff |
| cmartin@willkie.com | Gregory M. Beck |
| | City of Chicago Department of Law |
| Daniel Massoglia | 2 N. LaSalle Street, Suite 420 |
| First Defense Legal Aid | Chicago, IL 60602 |
| 601 S. California Ave. | (312) 744-2826 |
| Chicago, IL 60612 | Jessica.griff@cityofchicago.org |
| 336 575 6968 | Gregory.beck@cityofchicago.org |
| daniel@first-defense.org | |

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 on the 15th day of November, 2021.

                                                s/ William B. Oberts
                                                an Attorney

# EXHIBIT A

**Arsenio Hughes -Videotaped Interview**

**Filed through the Court's Digital Media Exhibit Submission**