**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TARRILL PETERS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 21-cv-4366 |
| CITY OF CHICAGO, COOK COUNTY, | ) | |
| SERGEANT MICHAEL PETRASKI, STAR | ) | Judge: Hon. Charles R. Norgle, Sr. |
| NUMBER 21001, DETECTIVE NAN | ) | Magistrate: Hon. Susan E. Cox |
| MORALES, STAR NUMBER 20741, | ) | |
| DETECTIVE ARTHUR TARASZKIEWICZ, | ) | |
| STAR NUMBER 21183, DETECTIVE | ) | |
| JOSEPH MARSZALEC, STAR NUMBER | ) | |
| 21234, DETECTIVE JOHN CAMPELL, | ) | |
| STAR NUMBER 21279, DETECTIVE | ) | |
| THOMAS FLAHERTY, STAR NUMBER | ) | |
| 1732, ASSISTANT STATE'S ATTORNEY | ) | |
| MARTIN MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, COOK COUNTY and ASSISTANT STATE'S**
**ATTORNEY MARTIN MOORE'S, REPLY IN SUPPORT OF THEIR MOTION TO**
**DISMISS PURSUANT TO RULE 12(B)(6)**

Defendants, COOK COUNTY and ASSISTANT STATE'S ATTORNEY MARTIN

MOORE ("County Defendants"), by and through their undersigned counsel, hereby move this

Honorable Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for

their Reply in Support, state as follows:

Defendants argue that Plaintiff's complaint against ASA Moore should be dismissed

because under §1983, he must plead that each official's own actions caused a constitutional

deprivation, and Plaintiff 's allegations against ASA Moore do not even come close to meeting this requirement.

The first-degree murder charges brought against Plaintiff were based, in part, on the testimony of several eyewitnesses, all of whom testified that Plaintiff ran over his father with his father's vehicle, resulting in his father's death. Plaintiff does not dispute that he was driving the vehicle that ran over his father.

The allegations against ASA Moore are limited to a single interview of one of the eyewitnesses, Arsenio Hughes. The Complaint alleges that Arsenio Hughes referred to the incident as an "accident" on multiple occasions but was corrected by ASA Moore to label Plaintiff's actions as intentional (Dkt. No. 1, ¶79). It also alleges that ASA Moore prompted Hughes to label Plaintiff's actions as intentional, but in reality, ASA Moore didn't prompt Hughes at all—he merely asked him if he thought it was an accident. ASA Moore did not tell Hughes to use the word intentional. Similarly, the Complaint's allegation that ASA Moore "corrected" Hughes on several occasions, is not borne out by the video either. In footnote 3 of his Response, Plaintiff concedes that, contrary to the allegations in his Complaint, the video reveals that Moore did not correct Hughes multiple times (Dkt. No. 52, p.13, fn 3). In fact, as can be seen in the video, ASA Moore did not correct Hughes at all; he merely asked him a question, which is an important distinction. Plaintiff states that he regrets this "factual error" and requests the Court not consider that component of the allegation in addressing Defendants' motion. *Id.* With this component of the allegation now withdrawn, Plaintiff's theory of liability against ASA Moore is based entirely on a single discrete question ASA Moore asked of Hughes: whether he thought the incident involving Plaintiff was an accident.

Plaintiff's allegation that ASA Moore's question "tainted" Hughes' statement and changed Hughes' story dramatically is wholly conclusory (Dkt. No. 52, p. 14). Plaintiff does not explain how ASA Moore changed the facts and details of Hughes' story. For example, Plaintiff does not allege that ASA Moore fed Arsenio Hughes with fake details or facts or threatened him. As the Seventh Circuit has pointed out, "fabricating evidence that one knows is false is different than getting a reluctant witness to say what may be true using coercive techniques". *Petty v. City of Chicago,* 754 F. 3d 416, 422 (7th Cir. 2014). In *Petty,* the plaintiff alleged that police "coerced a witness into giving false evidence by threatening him with jail time if he did not cooperate, holding him against his will in a locked room without food or water for over thirteen hours, badgering him, and pressuring him to identify the plaintiff as one of the assailants. *Id.* The Seventh Circuit nevertheless affirmed dismissal of plaintiff's claim of evidence fabrication, noting the absence of any allegation that the defendants "created evidence that they knew to be false, which is the hallmark of a fabrication case." *Id.*

No reasonable person would conclude that Moore's single request for clarification from Hughes was a constitutional violation by Moore. Plaintiff does not allege that ASA Moore threatened this witness, or fabricated evidence by providing Arsenio Hughes with fake details or facts to include in his statement. In the videotaped interview, Hughes offers a litany of facts which he deems relevant in explaining why he perceived Peters' actions to be intentional and not accidental. Not surprisingly, in his Response, Plaintiff cites to no legal authority whatsoever in support of his argument that, under these facts, ASA Moore's conduct could be unlawful.

Throughout the Complaint, there are no other references specific to ASA Moore, and Plaintiff's threadbare allegation against ASA Moore is insufficient to survive dismissal. To hold otherwise would set a precedence that a single question by an assistant state's attorney constitutes

coercion. Surely, no judiciary could countenance such a result. Because ASA Moore did not violate Plaintiff's constitutional rights, it necessarily follows that ASA Moore did not proximately cause any alleged wrongful arrest or pretrial detention.

Plaintiff urges that the video of ASA Moore's interview cannot be looked at in a vacuum, but Plaintiff does not allege any involvement of ASA Moore outside of the videotaped interview (Doc. No. 52, p.10). Plaintiff cannot summarily attribute his allegations against other Defendants to ASA Moore where, as the Complaint alleges, ASA Moore's involvement was limited to his interview of Arsenio Hughes. Plaintiff erroneously contends Hughes' statement to ASA Moore is suspect or fabricated based on the conduct of other officers, who allegedly threatened Hughes' mother. Even if the officers investigating the case threatened Hughes' mother, this does not impute any liability to ASA Moore. The Complaint does not allege that ASA Moore was aware of the tactics allegedly used by other officers to coerce any witness in giving their statements. *Phillips v. City of Chicago,* 2018 WL 1309881, No. 14 C 9372 (March 13, 2018)(holding it was speculation to conclude officer had knowledge of prior coercive tactics when officer was merely present when witness gave his statement).

Plaintiff does not dispute that prior to taking Hughes statement, other witnesses in this case called the police while at the scene and reported that Plaintiff struck Tarrill Sr. twice with his vehicle. The only allegedly fabricated statement is that he ran over his father three times, as opposed to two times. Whether he ran over his father two times or three times is a negligible and immaterial distinction that would not change the probable cause analysis. Under either scenario, there is no room for a difference of opinion as to whether sufficient probable cause existed to justify a pretrial detention for attempted murder, and there is no question of fact for the jury on this issue. Plaintiff's argument that there was probable cause for the initial arrest but not for the

continuing detention is without merit. Plaintiff does not explain how, under the facts of this case, there was not probable cause for Plaintiffs' pretrial detention.

Under *Iqbal,* a claim has "facial plausibility when "factual content" allows the court to draw the "reasonable inference that the defendant is liable". *Aschroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* There are no facts pled from which one would draw a reasonable inference that ASA Moore is liable. All of Plaintiff's allegations against ASA Moore are wholly conclusory. Plaintiff states that "false or coerced witness statements which Defendants, including Moore, knew to be false or coerced, were the reason for Tarrill Peters Jr.'s prolonged detention in maximum security." (Doc. No. 52, p. 11). The Complaint does not set forth any facts to put ASA Moore on notice as to how he was allegedly aware that other witness statements, which he did not take, and was not present for were fabricated or false. ASA Moore's only role in this matter was his interview of Arsenio Hughes. He did not interview other witnesses and was not present for those interviews. Plaintiff argues that he "has shown, or, at a minimum, it is reasonable to infer, that the eventual false narrative in which Tarrill Peters Jr. intentionally hit his father three times with a vehicle was conjured into existence by the Defendants." (Doc. No. 52, p. 12). However, ASA Moore did not create this eventual false narrative, and there is no plausible allegation that Hughes' statement was what caused the judge to believe there was probable cause for first-degree murder charge.

As Plaintiff admits, Arsenio Hughes did not testify at trial. (Doc. No. 52, pp.11-12). Plaintiff suggests that a reasonable inference for his absence is that his videotaped interrogation undermined the case against the Plaintiff. This argument also fails, because if the videotaped interrogation undermined the case against Peters, then certainly the defense would have called Arsenio Hughes to testify at Peters' murder trial. As Plaintiff notes, the defense did not do so.

Simply put, the Complaint fails to set forth any facts from which a jury could conclude that ASA Moore coerced Arsenio Hughes during that interview or that ASA Moore knew the statement that Arsenio was providing him was fabricated. As can be seen from the video, Hughes was asked if he was promised anything in return for providing his statement and he answered he was not.

Additionally, Plaintiff states in conclusory fashion that Arsenio Hughes' testimony "was an integral part of the charge of first-degree murder and Plaintiff's subsequent unlawful pretrial detention (Doc. No. 52, p. 13). Plaintiff does not allege, and cannot allege, that Plaintiff's detention was based on Hughes statement alone.

Pursuant to *Iqbal,* because it is not plausible on its face, Plaintiff's Complaint against ASA Moore should be dismissed. As set forth in Defendants' Motion to Dismiss, because there is no liability against ASA Moore, there can be no liability against Cook County. 745 ILCS 10/9-102. Therefore, Count IV against Cook County should also be dismissed.

## **CONCLUSION**

WHEREFORE, Defendants, COOK COUNTY and ASSISTANT STATE'S ATTORNEY MARTIN MOORE and COOK COUNTY respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Complaint and for all other relief this Honorable Court deems just.

Respectfully submitted,

s/ William B. Oberts
Attorney for defendants, Cook County and
Assistant State's Attorney Martin Moore

William B. Oberts, Esq.- # 6244723
Amy M. Kunzer, Esq. - #6293176
Tribler Orpett & Meyer, P.C.
225 W. Washington, Suite 2550
Chicago, IL 60606
(312) 201-6400
wboberts@tribler.com

amkunzer@tribler.com
docket@tribler.com