THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| TARRILL PETERS, JR.<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, et al.<br><br>Defendants. | Civil Action No. 1:21-cv-04366<br><br>Judge Charles J. Norgle<br><br>Magistrate Susan E. Cox |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' JOINT MOTION TO RECONSIDER AND TO STAY**

Mere days after this Court entered a discovery schedule (Dkt. 55), having had the benefit of the parties' Joint Status Report reflecting their respective positions on the sequencing and scheduling of discovery, Defendants request that the Court grant the extraordinary remedy of reconsidering its Order. Defendants make no attempt to meet this high standard, and merely seek a second bite of the apple now that the Court has declined to stay discovery. For these reasons, Plaintiff Tarrill Peters, Jr. respectfully requests that this Court deny Defendants' Motion to Reconsider (Dkt. 56) ("Motion") the Court's January 21, 2022 Order.

**I. DEFENDANTS FAIL TO DEMONSTRATE THAT RECONSIDERATION IS APPROPRIATE OR NECVESSARY HERE.**

Defendants ask this Court to reconsider its January 21, 2022 ruling setting a discovery schedule and denying their request to stay discovery pending the resolution of their motions to dismiss. However, Defendants do not identify which Federal Rule they are moving under, or the standard governing such a request. Because there has not yet been a final judgment in this case, Rule 54(b) governs Defendants' motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties . . . may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), *opinion amended on denial of reh'g*, 835 F.2d 710 (7th Cir. 1987).

Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)," and are discouraged; they should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." *Ghashiyah v. Frank,* 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). The Court may grant a motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). This procedure "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted).

Crucially, Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264,

1270 (7th Cir. 1996)).

Defendants have not identified these standards in their Motion, and fall well short of meeting them. The parties presented the Court with their positions in the Joint Status Report—the proper time for Defendants to develop their argument that a stay was necessary and appropriate was then and there. And, as a matter of fact, Defendants did ask for a stay. (Dkt. 54 at 5.) But, as Defendants note in their motion (Dkt. 56 at 6–7), the Court may exercise its discretion to stay or not stay discovery—which is precisely what the Court did here. Defendants' attempts to set that decision aside now, absent any identified errors of law or fact, are inappropriate.

Even had Defendants identified any elements of the Court's order that were "clearly erroneous and would work a manifest injustice," they do not sufficiently explain why a stay is appropriate here. In determining whether to grant a stay of discovery, judges in this district have considered the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020) (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).

It appears that the Court determined that these factors weighed in favor of denying the requested stay in this case. And Defendants fail to point to any of these factors as a reason why a stay is appropriate here, much less why the Court should revisit that decision now. At most, Defendants identify their pending motions to dismiss. But the argument that a stay of discovery is warranted merely because a party has filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) is "usually deemed insufficient." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL

4867346, at *2 (N.D. Ill. Nov. 17, 2010). "*Twombly* and *Iqbal* do not dictate that a motion to stay should be granted every time a motion to dismiss is placed before the Court." *Tamburo,* 2010 WL 4867346, at *2 (citations omitted); *see also Builders Ass'n of Greater Chicago v. City of Chicago,* 170 F.R.D. 435, 437 (N.D. Ill. 1996) (finding a motion to stay discovery "will not be granted every time a potentially dispositive issue is placed before the court"). As courts have recognized, a stay based on a party's assertions that dismissal is likely "would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss" this "circumvent[ing] the procedures for resolution of such a motion." *Tamburo*, 2010 WL 4867346, at *2.

Moreover, as Plaintiffs' oppositions to Defendants' motions to dismiss make clear, this is not a case where the complaint is "utterly frivolous" or was filed "merely in order to conduct a 'fishing expedition' or for settlement value." *Id.* Defendants' motions to dismiss are not slam-dunks by any means, and there is no reason to stall the case while the Court considers them. Thus, there is no reason to modify the Court's previous ruling setting the discovery schedule in this case and denying Defendants' request to stay discovery.

## II.     DEFENDANTS' ALTERNATIVE REQUEST FOR RELIEF IS PREMATURE.

In the event the Court declines to stay discovery, Defendants suggest an alternative discovery schedule. Such a request, made mere weeks after the Court set a discovery schedule, and at this early stage and without any significate change in circumstances, is premature. Plaintiff would be amenable to further discussions concerning modifications to the discovery schedule as the case develops if the prevailing conditions merit it. For now, Defendants have shown no reason why the discovery schedule should be amended.

## CONCLUSION

For the reasons explained above, Mr. Peters respectfully requests that the Court enter an order denying Defendants' Motion to Reconsider (Dkt. 56).

- 5 -

Dated: January 28, 2022                                  Respectfully submitted,

/s/ *Michael G. Babbitt*
Michael G. Babbitt
Craig C. Martin
Aaron J. Hersh
Bianca L. Valdez
300 North LaSalle
Chicago, Illinois 60654-3406
(312)728-9000
Email: mbabbitt@willkie.com
    cmartin@willkie.com
    ahersh@willkie.com
    bvaldez@willkie.com

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
(708)797-3066
Email: daniel@first-defense.org

*Attorneys for Tarrill Peters, Jr.*