IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARRILL PETERS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-04366 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Cook County and Defendant Assistant State's Attorney Martin Moore's Motion to Dismiss [38] is granted without prejudice. All other pending motions remain under advisement.

**STATEMENT**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Cook County ("the County") and Assistant State's Attorney Martin Moore ("ASA Moore"), as well as against various police officers and the City of Chicago. Plaintiff alleges that ASA Moore and the defendant officers violated Plaintiff's Fourth and Fourteenth Amendment rights by fabricating evidence through coerced testimony, leading to Plaintiff's unlawful detention during the pendency of his criminal case. Before the Court is the County and Defendant Moore's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the complaint, the motion, and the supporting briefing, the Court grants the motion.

Plaintiff names the County because it employed ASA Moore at the time of the alleged occurrence. Dkt. 1 ¶19. Against Cook County, Plaintiff seeks indemnification, but does not bring a Monell claim. Dkt. 1 ¶¶181-86. See Gernetzke v. Kenosha Unified Sch. Dist. No. 1, 274 F.3d 464, 468 (7th Cir. 2001) ("[Monell] holds that the doctrine of *respondeat superior* may not be used to fasten liability on a local government in a suit under section 1983."); citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978). Plaintiff pleads several conclusions, opinions, and speculation regarding ASA Moore's involvement in the prosecution of Plaintiff. Dkt. 1 ¶¶1, 17, 24, 79. Only one allegation describes ASA Moore's actions. Dkt. 1 ¶79. ("During his interrogation… [a witness] referred to the incident as an 'accident' … but was corrected by [ASA Moore] who prompted [the witness] to label [Plaintiff's] actions 'intentional' …."). Plaintiff pleads ASA Moore "was … engaged in the conduct complained of in the course and scope of his employment in an investigative role, and is sued in his individual capacity." Dkt. 1 ¶17.

Prosecutors are absolutely immune from liability in §1983 suits brought against prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 428 (1998); see also Van de Kamp v. Goldstein, 555 U.S. 335, (2009). Plaintiff's conclusory and speculative allegations regarding ASA Moore's

investigative role are insufficient to establish that ASA Moore was not acting as an officer of the court or that his actions were not intimately associated with the judicial phase of the criminal process, actions such as interviewing potential witnesses and appearing before the judge or judges assigned to the criminal case. Judges are not included as named defendants; judges too have absolute immunity from suits for damages that complain of their judicial acts. Forester v. White, 484 U.S. 219 (1988). Thus, absolute immunity applies to ASA Moore in the complaint as pleaded. The Court therefore dismisses Counts I and II as to ASA Moore. Since Plaintiff glosses over Monell and only seeks indemnification from the County for ASA Moore's actions, the Court also dismisses Count IV as to the County.

    IT IS SO ORDERED.

                                        ENTER:

                                        _____
                                        CHARLES RONALD NORGLE, Judge
                                        United States District Court

DATE: June 22, 2022